IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WENDELL HUNTER,

    PLAINTIFF,

V.                                                              CIVIL ACTION NO.

NEW LATITUDE MOVING
COMPANY, LLC,

and

CHRIS WALKER,

    DEFENDANTS.                                      JURY TRIAL DEMANDED

## COMPLAINT

**I.  JURISDICTION**

1. This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §1331, 1343(4), 2201, 2202 and 29 U.S.C. §2617(a)(2), and pursuant to 42 U.S.C. §1981. This is a suit authorized and instituted pursuant to the "Family and Medical Leave Act of 1993," 28 U.S.C. §§2601, *et. seq.* ("FMLA"), and the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (FLSA), and 42 U.S.C. §1981. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights and Defendant's violation of the Acts and for injunctive relief and damages.

## II.  PARTIES

2.   Plaintiff, Wendell Hunter, hereinafter "Plaintiff," is a citizen of the United States, and a resident of Birmingham, Jefferson County, Alabama. Plaintiff was formerly employed by Defendant.

3.   Defendant, New Latitude Moving Company, LLC (hereinafter "New Latitude" and/or "Defendant"), is registered and does business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. §2617(a)(2). Defendant employed at least fifty (50) persons for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Defendant employed these fifty (50) employees within 75 miles of Plaintiff's worksite. Defendant is engaged in commerce or in the production of goods for commerce as contemplated by 29 U.S.C. §§ 203(r), 203(s).

4.   Defendant, Chris Walker (hereinafter "Walker" and/or "Defendant"), is a majority shareholder of Defendant New Latitude and an employer within the meaning of the FLSA, as he directs the daily operation of Defendant New Latitude. Defendant Walker is a resident of the State of Alabama, Northern District of Alabama.

### III. STATEMENT OF THE FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6. On July 10, 2012, Defendant hired Plaintiff.

7. Defendant terminated Plaintiff's employment during January 2015.

8. At the time of Plaintiff's termination of employment in January 2015, Plaintiff held the position of Warehouse Associate and Driver.

9. At all times while employed with Defendant, Plaintiff performed his job duties in a competent or better manner.

### IV. COUNT ONE – FMLA Interference (Defendant New Latitude Only)

10. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 8 above.

11. As of January 8, 2015, Defendant was an FMLA covered employer, as it employed more than 50 employees within 75 miles of the work location where Plaintiff was stationed.

12. As of January 8, 2015, Plaintiff was an FMLA qualified employee, as he had worked at least 1,250 hours during the preceding twelve months and had been employed by Defendant for more than one year as of that date.

13. On January 8, 2015, Plaintiff informed his Supervisor, Michael

Sweeney, that one of his children had been hospitalized.

14. Plaintiff also mentioned Sweeney that his wife had surgery scheduled and that Plaintiff needed FMLA leave.

15. Sweeney told Plaiintiff that he would pass along Plaintiff's request to Defendant's Business Manager, David Corrie, and to Defendant's owner, Chris Walker.

16. Sweeney said that Plaintiff would have the paperwork sent to him soon.

17. After approximately one week, Plaintiff began to call Walker and Corrie and left messages. Despite repeated phone calls throughout January 2015, Walker or Corrie Walker or Corrie Plaintiff.

18. Plaintiff found out from co-workers that he had been terminated and replaced in January, although Plaintiff was never informed by Defendant that he had been terminated.

19. Defendant's failed to provide Plaintiff an FMLA certification form for Plaintiff and his children's and wife's doctor to complete.

20. Defendant failed to provide Plaintiff with a Notice of Rights and Responsibilities under the FMLA.

21. Defendant interfered with Plaintiff's rights under the FMLA by terminating Plaintiff's employment after Plaintiff requested FMLA leave.

22. As a result of Defendant's violation of the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

V. **COUNT TWO - FMLA Retaliation (Defendant New Latitude Only)**

23. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 22 above.

24. As of January 8, 2015, Defendant was an FMLA covered employer, as it employed more than 50 employees within 75 miles of the work location where Plaintiff was stationed.

25. As of January 8, 2015, Plaintiff was an FMLA qualified employee, as he had worked at least 1,250 hours during the preceding twelve months and had been employed by Defendant for more than one year as of that date.

26. Plaintiff was an employee in good standing until Plaintiff requested FMLA leave through his Supervisor, Michael Sweeney, on January 8, 2015.

27. Sweeney told Plaintiff he had passed along Plaintiff's request for FMLA paperwork to Corrie and Walker.

28. Defendant's failed to provide Plaintiff an FMLA certification form for Plaintiff and his children's and wife's doctor to complete.

29. Defendant failed to provide Plaintiff with a Notice of Rights and Responsibilities under the FMLA.

30. Defendant's employees Corrie and/or Walker never provided Plaintiff

the FMLA paperwork he requested terminated Plaintiff in retaliation for seeking such FMLA leave.

31. As a result of Defendant's violation of the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

## VI. COUNT THREE – FLSA – Overtime Violations (Defendant New Latitude and Walker)

32. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 31 above.

33. At all times during the employment relationship, Defendant classified Plaintiff as an hourly paid, non-exempt employee.

34. Plaintiff regularly worked over forty hours in a work week.

35. Defendants paid Plaintiff for some, but not all, of the overtime hours that Plaintiff worked.

36. Defendant paid Plaintiff for time and a half for hours over forty on some weeks, but on many other weeks, Defendant "pushed" Plaintiff's overtime hours worked into a different work week when Plaintiff received holiday pay or otherwise did not work more than forty hours such that Plaintiff was paid overtime hours at the regular rate of pay. As a result, Defendant denied Plaintiff overtime pay in violation of the FLSA.

37. Plaintiff complained to Walker that this practice denied him overtime

pay; in response, Walker told Plaintiff he was trying to control the amount of overtime that he paid.

38.    Defendants willfully and intentionally violated the FLSA by failing to pay Plaintiff one and one-half times his regular hourly rate of pay for all hours worked in excess of forty in a work week.

## VII. COUNT FOUR – 42 U.S.C. § 1981 – Race Discrimination (Defendant New Latitude Only)

39.    Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 38 above.is regularly tardy; leaves early, and, is absent more days than Plaintiff.

40.    Plaintiff is an black male.

41.    At the time Defendant terminated Plaintiff's employment, Plaintiff was one of approximately nine black employees of Defendants.

42.    Upon information and belief, white employees received pay for holidays, while black employees did not.

43.    Plaintiff's race, black, was a motivating factor in why Plaintiff did not receive pay for holidays, while white employees did receive such pay as a term and benefit of employment wherein Defendant's practice violated § 1981.

44.    As a result of Defendants' violation of § 1981, Plaintiff has been damaged, suffering loss of overtime pay and mental anguish.

## VII. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendants, its agents, successors, employees, attorneys and those acting in concert with the Defendants and at the Defendants' request from continuing to violate the terms of the FMLA, FLSA and § 1981;

B. Enter an Order requiring the Defendants to make Plaintiff whole by awarding him back pay, front pay, compensatory damages, punitive damages, nominal damages, special damages, and liquidated damages;

C. Attorneys' fees and costs;

D. Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 216(b) that the actions of Defendants are violative of the law; and,

E. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD

<u>OF COUNSEL</u>:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
(205) 252-1550 – Office
(205) 252-1556 – Facsimile

**<u>PLAINTIFF REQUESTS TRIAL BY STRUCK JURY</u>**

_/s/ signature_
OF COUNSEL

<u>DEFENDANTS' ADDRESS</u>:

New Latitude Moving Company, LLC
c/o Christohper W. Walker
Agent for Service of Process
100 West Oxmoor Road
Birmingham, AL 35209

Chris Walker
100 West Oxmoor Road
Birmingham, AL 35209

9